## Rosenstein Estate

*L. Stanley Mauger* and *Shapiro, Rosenfeld, Stalberg & Cook*, for guardian.

TAXIS, P. J., January 24, 1957.—Milton Rosenstein died testate and letters testamentary were granted to his widow, Mary K. Rosenstein, on July 25, 1955.

Mary K. Rosenstein administered her husband's estate and filed her account, which account was audited and confirmed by this court on September 14, 1956. In the adjudication, the accountant was directed to file a schedule of distribution. This schedule of distribution was prepared by the executrix and was approved by the court.

Nothing further remains to be done in the administration of this estate, except: (a) To pay to the attorneys representing the executrix of the estate of Milton Rosenstein the balance of their fee in the sum of $400; (b) To transfer the assets remaining in the estate of Milton Rosenstein, deceased, to Mary K. Rosenstein, and; (c) To execute proper satisfactions of award to be filed in the Orphans' Court of Montgomery County.

The problem arises and the present petition was filed because on January 18, 1957, Mary K. Rosenstein was adjudicated an incompetent by this court, and petitioner, Broad Street Trust Company, was appointed

guardian of her estate. The guardian now seeks authorization to "act for said incompetent in her fiduciary capacity as executrix of the estate of her deceased husband, and to perform" the duties mentioned in (a), (b) and (c), supra.

Section 515 of the Fiduciaries Act of April 18, 1949, P. L. 512, provides:

"The fiduciary of the estate of an adjudged incompetent personal representative by reason of his position shall not succeed to the administration of, or have the right to possess, any asset of an estate which was being administered by the incompetent, except to protect it pending its delivery to the person entitled to it. The account of the incompetent personal representative may be filed by the fiduciary of his estate and it shall be filed if the court shall so direct."

It would first appear that section 515 bars the relief prayed for. However, it is curious to observe that section 514, which is comparable to section 515, but in circumstances where the fiduciary dies, rather than being adjudged an incompetent, contains an additional sentence, which reads:

. . ."The court may direct the personal representative of a deceased fiduciary to make distribution and to make the transfers and assignments necessary to carry into effect a decree of distribution."

Why this sentence was not included in section 515 of the Fiduciaries Act does not appear. There would appear no good reason to bar a guardian of an incompetent personal representative from exercising these ministerial duties and to carry out such a degree of distribution. As a matter of fact, the comments of the Joint State Government Commission to section 515 indicate that the "problem is the same as that in section 514, . . . and requires similar treatment". Similar treatment would, of course, justify the court author-

izing a guardian of an adjudged incompetent personal representative to carry out a decree of distribution.

Where, as here, there has been an account filed and confirmed and a decree of distribution entered and nothing remains but the ministerial duty of making distribution, transfers and assignments necessary to carry into effect this decree of distribution, a guardian of an incompetent fiduciary will be authorized to carry out these duties rather than to raise an administration. . . .